**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Mario OROZCO FELIX, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| J.L. JAMISON, Warden of the Federal | : | |
| Detention Center, Philadelphia; Brian | : | |
| MCSHANE, Acting Field Office Director | : | |
| of Enforcement and Removal Operations, | : | **No. 26-2491** |
| Philadelphia Field Office, Immigration and | : | |
| Customs Enforcement; Markwayne | : | |
| MULLIN, Secretary Department of | : | |
| Homeland Security; Todd BLANCHE, U.S. | : | |
| Attorney General, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW,** this 17th day of April, 2026, upon consideration of Mario Orozco Felix's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. Mario Orozco Felix is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall immediately release Mario Orozco Felix from custody.

3. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 5:00 P.M. E.S.T. on April 18, 2026.

4.    Respondents are temporarily enjoined from re-detaining Mario Orozco Felix for seven days following his release from custody.

5.    If Respondents pursue re-detention of Mario Orozco Felix, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Mario Orozco Feliz is a native and citizen of Guatemala, who arrived in the United States on April 29, 2023, as an unaccompanied minor. ECF No. 1 ¶ 1. Upon entering the United States, he was detained by U.S. Customs and Border Protection (CBP) and released on an Order of Recognizance. ECF No. 5 at 14. Petitioner has an approved Petition for Special Immigrant Juvenile Status (SIJS). ECF No. 1 ¶ 4. SIJS creates a pathway to legal permanent residency for eligible children. *See* 8 U.S.C. § 1255; 8 C.F.R. § 245.1(e)(3). On March 3, 2026, after allegedly rear-ending a vehicle on I-95, Petitioner was arrested in Delaware County and charged with fleeing or attempting to elude an officer, driving while under the influence of alcohol, and failing to stop or remain at the scene of the accident which resulted in damage to a vehicle or other property. *See* ECF No. 5 at 18–19, 21. Those charges remain pending, and Petitioner has not been found guilty of any criminal offense. ECF No. 1 ¶ 7. Although ICE immediately lodged a detainer with the George W. Hill Correctional Facility, Petitioner was released from local custody. ECF No. 5 at 14. Petitioner appeared at his preliminary hearing for the state law charges on April 8, 2026. ECF No. 1 ¶ 7. ICE arrested him as he was leaving court. *Id.* On April 15, 2026, Petitioner filed this Petition for Writ of Habeas Corpus, seeking immediate release from detention. ECF No. 1. On April 17, 2026, the government filed a response, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that his detention does not violate due process. ECF No. 5.

The I-213 submitted by Respondents indicates that ICE believed that "Driving Under the Influence is a violation of the Laken Riley Act requiring mandatory detention." *Id.* Not so. *See* 8 U.S.C. § 1226(c)(1)(E) (applying to individuals charged with acts constituting "the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person"). Perhaps that is why the government now contends Respondent is being held under 8 U.S.C. § 1225(b)(2)(A). Regardless, the Court need not expound upon the internal contradictions in the government's response to resolve the question raised here—whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). He is not.

The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts. *See* ECF No. 3 at 3. Indeed, of the over 400 petitions brought in this District, this Court is unaware of a single one agreeing

with the government. This Court again rejects the government's position and holds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act.

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an "applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. *Id.* Petitioner was seeking admission in 2024 when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.